DAVE FOX (SBN 254651)
Email: dave@foxlawapc.com
JOANNA FOX (SBN 272593)
Email: joanna@foxlawapc.com
RUSS GOLD (SBN 179498)
Email: russ@foxlawapc.com
**FOX LAW, APC**
225 West Plaza Street, Suite 102
Solana Beach, California 92075
Telephone: (858) 256-7616
Facsimile: (858) 256-7618

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| AJAY GUPTA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> AIR CANADA, a foreign corporation, <br><br> Defendants. | Case No.: _____ <br><br> **COMPLAINT FOR PERSONAL INJURY DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

- 1 -

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff AJAY GUPTA ("AJAY") brings this Complaint against Defendant AIR CANADA, a foreign corporation ("AIR CANADA") for damages for personal injury and alleges as follows:

## INTRODUCTION

1. This case concerns injuries sustained by Plaintiff AJAY GUPTA on November 17, 2019, while on board Defendant AIR CANADA's international Flight AC783 ("Subject Flight"), from Montreal-Trudeau International Airport ("YUL"), to Los Angeles International Airport ("LAX").

2. While AJAY was seated in his assigned seat watching a movie, an overhead compartment above him swung open. Suddenly and unexpectedly, a large, heavy metal container fell from the overhead compartment and hit AJAY in the head. This strong blow to the head caused AJAY to lose consciousness. When he regained consciousness, he had severe head pain and difficulty with his vision, hearing, and balance. In the wake of this incident, AJAY suffered serious personal injury, including traumatic brain injury, post-concussive syndrome, and headaches, as well as memory and concentration deficits.

3. AJAY brings causes of action pursuant to the Montreal Convention against AIR CANADA for these injuries, and seeks special damages for medical expenses, lost income, loss of earnings capacity in addition to general damages for pain and suffering.

4. Specifically, AJAY seeks damages in strict liability pursuant to Article 17 of the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention"). AIR CANADA is subject to the provisions of the Montreal Convention as a common carrier and commercial airline engaged in transporting passengers on international flights, and as a signatory to this treaty.

5. Strict liability arises under the Montreal Convention for damages sustained for bodily injury of a passenger so long as the incident took place on board the aircraft. Liability under Article 17 arises when a passenger's injury is caused by an unexpected or unusual happening that was external to the passenger. The sudden blow to AJAY's head

resulting from the heavy metal container falling from the overhead compartment took place on board the Subject Flight and was external to AJAY.

6. AJAY also alleges that AIR CANADA's liability for damages is not limited under Article 21 of the Montreal Convention. Rather, AIR CANADA is liable for the full extent of AJAY's damages due to its negligence and/or other wrongful act or omission, and the negligence and/or other wrongful act or omission of its agents, servants and/or employees. As a common carrier, AIR CANADA has the highest duty of care to its passengers. AIR CANADA, who was in exclusive control over the operation of the Subject Flight, had the duty to monitor, handle, and assure the safe storage of items placed in overhead bins.

7. AIR CANADA's actions and/or inactions were a substantial factor in causing AJAY's serious injuries.

## JURISDICTION & VENUE

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331, because this action arises under the laws and treaties of the United States, including without limitation, Article 17 of the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention"), concluded May 28, 1999, 49 U.S.C. § 40105 et seq., S. Treaty Doc. No. 106-45 (entered into force November 4, 2003). AJAY sustained personal injuries while on board international flight AC783 from Canada to the United States of America. Both countries are signatories to the Montreal Convention, which "applies to all international carriage of persons…by aircraft for reward." Id. at Art. 1(1).

9. Jurisdiction is also proper under Article 33(1) and (2) of the Montreal Convention because: (i) AJAY purchased his ticket for the Subject Flight in this District; (ii) at all relevant times, Plaintiff AJAY's principal and permanent residence was and is located in Orange County, California, within this District; (iii) Defendant AIR CANADA operates services for the carriage of passengers by air, to and from Los Angeles International Airport ("LAX"), located within this District; (iv) Defendant AIR CANADA

conducts business from premises leased or owned by AIR CANADA in this District, including at LAX; and (v) the Subject Flight's "place of destination" is within this District, at LAX.

10. This Court has personal jurisdiction over AIR CANADA because AIR CANADA has sufficient contacts with and engages in substantial business in California. AJAY's claims and causes of action alleged herein arise out of AIR CANADA's contact with the State. Moreover, AIR CANADA has purposely availed itself of the privileges and benefits of conducting business activities in California. Further, AIR CANADA maintains systematic and continuous business contacts with California, and many California residents do business with AIR CANADA.

11. Venue in the Central District of California, Southern Division, is proper under: (i) 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims as alleged occurred in this District; (ii) 28 U.S.C. § 1391(b)(3) because AIR CANADA is subject to personal jurisdiction in this District with respect to this action, and there is no other district in which the action may otherwise be brought; and (iii) the provisions of Article 33 of the Montreal Convention treaty, including that the contract of carriage forming the basis of this Complaint originated and terminated within this District.

**PARTIES**

12. Plaintiff AJAY GUPTA was and is a citizen of California and a permanent resident of Orange County, California.

13. Defendant AIR CANADA is a foreign corporation organized under the laws of Canada, with its principal place of business located in Montreal, Quebec, Canada, with an address of 7373 Boulevard de la Cote-Vertu Quest, Montreal QC H4S 1Z3.

14. AIR CANADA was and is engaged as a "common carrier" and commercial airline within the meaning of the Montreal Convention, providing transportation services for the international carriage of passengers by air, including the round-trip Subject Flight between Montreal, Canada, and Los Angeles, California.

15. AIR CANADA acted by and through its respective employees, agents, and servants acting within the scope of their authority and employment.

## GENERAL AND FACTUAL ALLEGATIONS

16. On or about October 15, 2019, AJAY purchased a round trip airline ticket in the State of California from AIR CANADA for international travel between the United States of America and Canada for $1,254.69 US dollars. The departure flight from Los Angeles, California ("LAX") to Montreal, Canada ("YUL") was scheduled for November 13, 2019. The return flight from YUL to LAX was scheduled for November 17, 2019. AIR CANADA owned, operated, maintained, managed and controlled the subject aircraft at all times mentioned.

17. On or about November 17, 2019, AIR CANADA operated the final leg of AJAY's round trip flight, Flight AC783 from Montreal-Trudeau International Airport ("YUL"), to the ultimate "place of destination," the Los Angeles International Airport ("LAX"). AJAY was involved in "international transportation" on this flight, within the meaning of Article 1 (2) of the Montreal Convention.

18. AIR CANADA entered into the "contract of carriage" with AJAY. AIR CANADA owned, maintained, managed and controlled the subject aircraft as AIR CANADA flight AC783, and was responsible for AJAY'S safety. As a common carrier, AIR CANADA had the highest duty of care to its passengers. As AJAY was seated and watching a movie in his seat, a large, heavy metal container fell from the overhead compartment above him, forcefully hitting him in the head, causing him to lose consciousness and sustain the serious personal injuries as herein alleged.
AIR CANADA is subject to the provisions of the Montreal Convention, including strict liability under Article 17, up to the Special Drawing Rights limit pursuant to Article 21 (1). AIR CANADA is liable for the full extent of AJAY's damages above the Special Drawing Rights limit, pursuant to Article 21 (2) because of its negligence and/or wrongful acts or omissions.

# COUNT ONE

## (Strict Liability Under the Montreal Convention)

19. Plaintiff realleges each and every allegation in Paragraphs 1-18, above, and incorporates them herein by reference.

20. On or about November 17, 2019, AJAY was a fare-paying passenger on board the Subject Flight. AIR CANADA was a carrier providing international flight and/or carriage by aircraft for reward as defined by Article 1 of the Montreal Convention.

21. AJAY was seated in aisle seat 20C during the Subject Flight. He had just put in his headphones to watch a movie when a large, heavy metal container suddenly fell from the overhead compartment above him, forcefully hitting his head. This was an unexpected or unusual event, a happening that was external to AJAY. The incident occurred on board an aircraft in international carriage and therefore Defendant AIR CANADA is subject to strict liability under the Montreal Convention.

22. AIR CANADA had exclusive control of the operations of the Subject Flight, including those related to the monitoring, handling, storage, and safety regarding items placed in overhead bins, and owed a duty to all its passengers for the safe operation and condition of the aircraft during the Subject Flight.

23. As a result of the serious blow to the head, AJAY immediately lost consciousness, experienced immediate and severe head pain, difficulty with his vision and hearing, and had difficulty with balance/standing. In the aftermath of the incident, AJAY was diagnosed with a traumatic brain injury, which had serious effects on him including memory deficit and other cognitive decline.

24. At all material times, AJAY had no control over, and in no way caused or contributed to the incident resulting in AJAY's serious personal injuries.

25. Pursuant to Article 21 (1) of the Montreal Convention, AIR CANADA cannot exclude or limit its liability for damages arising under paragraph 1 of Article 17 up to the Special Drawing Rights plus interest and costs. AIR CANADA is strictly liable for AJAY's damages up to the Special Drawing Rights limit.

26. As a direct and proximate result of the incident, and/or negligence or other wrongful acts or omissions of AIR CANADA, its agents, servants, and/or employees, AJAY sustained serious bodily injury including but not limited to a traumatic brain injury, post-concussive syndrome, headaches, and memory and concentration deficits, seriously altering AJAY's life, including his enduring pain, mental anguish, emotional distress and shock.

27. As a direct and proximate result of the incident, and/or negligence or other wrongful acts or omissions of AIR CANADA, its agents, servants, and/or employees, AJAY was compelled to and sought medical treatment from physicians and other medical personnel, thereby incurring incidental expenses related to the care and treatment of said injuries. AJAY continues the need for care/future treatment for said injuries, and will be compelled to incur further reasonable bills for the same.

28. As a further direct and proximate result of the Accident, and/or negligence or other wrongful acts or omissions of AIR CANADA, its agents, servants, and/or employees, Plaintiff GUPTA was unable to work, lost wages, earnings and benefits, and earnings capacity, and will continue to lose future work, wages, earning and benefits as a result of medical treatment and pain and limitations cause by his injuries.

## COUNT TWO

### (Negligence Under the Montreal Convention -
### Permitting Damages Above Special Drawing Rights Limit)

29. Plaintiff realleges each and every allegation in Paragraphs 1-28, above, and incorporates them herein by reference.

30. At all times herein mentioned, the Subject Flight was operated as a common carrier engaged in the business of transporting fare-paying passengers by air. As a common carrier, Defendant, AIR CANADA and its agents, servants and/or employees owed the highest duty of care to their passengers to assure their safety, including the duty to monitor, handle, and assure safe storage of items placed in overhead bins.

31. AIR CANADA and its agents, servants and employees, acting within the scope of their agency, service and/or employment, knowingly, recklessly, negligently, and/or carelessly failed to monitor, handle, and/or assure safe storage of items placed in overhead bins. As a result of this negligence or other wrongful acts or omissions, a large, heavy metal container fell from the overhead compartment above AJAY, forcefully hitting him on his head.

32. Pursuant to Article 21 (2) of the Montreal Convention, AIR CANADA is liable for damages above the Special Drawing Rights Limit due to their negligence or other wrongful acts or omissions or the negligence or other wrongful acts or omissions of their agents, servants and employees.

33. As a direct and proximate result of the Accident, and/or negligence or other wrongful acts or omissions of AIR CANADA, its agents, servants, and/or employees, AJAY sustained serious bodily injury including but not limited to a traumatic brain injury, post-concussive syndrome, headaches, and memory and concentration deficits, seriously altering AJAY's life, including his enduring pain, mental anguish, emotional distress and shock.

34. As a direct and proximate result of the Accident, and/or negligence or other wrongful acts or omissions of AIR CANADA, its agents, servants, and/or employees, AJAY was compelled to and sought medical treatment from physicians and other medical personnel, thereby incurring incidental expenses related to the care and treatment of said injuries. AJAY continues the need for care/future treatment for said injuries, and will be compelled to incur further reasonable bills for the same.

35. As a further direct and proximate result of the Accident, and/or negligence or other wrongful acts or omissions of AIR CANADA, its agents, servants, and/or employees, AJAY was unable to work, lost wages, earnings and benefits, and earnings capacity, and will continue to lose future work, wages, earning and benefits as a result of medical treatment and pain and limitations cause by his injuries.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## PRAYER FOR RELIEF

WHEREFORE, AJAY prays for judgement in his favor against Defendant as follows:

1. General, special, compensatory, consequential, and/or incidental damages, according to proof;
2. Medical and related expenses, according to proof;
3. Lost earnings and loss of earning capacity, according to proof;
4. Costs of suit incurred herein and reasonable attorneys' fees;
5. Prejudgment interest; and
6. Such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues that are so triable.

Dated: October 29, 2021                    **FOX LAW, APC**

                                By:   */s/ Joanna Fox*
                                      Joanna Fox
                                      Attorney for Plaintiff